Russell Rouse v. Commissioner.
Rouse v. Commissioner
Docket No. 55000.
United States Tax Court
T.C. Memo 1956-138; 1956 Tax Ct. Memo LEXIS 156; 15 T.C.M. (CCH) 695; T.C.M. (RIA) 56138; June 12, 1956
*156 Held, amounts which petitioner received in 1949 and 1950 from a motion picture company or its sole stockholder were compensation for services rendered or to be rendered and were properly reported by him as ordinary income. Sylvan Covey, Esq., for the petitioner. Godfrey L. Munter, Jr., Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves the following deficiencies in income tax and additions thereto under section 294(d) of the 1939 Code: Additions
to tax
Year
Deficiency
Sec. 294(d)
1949
$406.19
1950
406.08
$168.70
The sole issue is whether parts of the amounts which petitioner reported on his returns in 1949 and 1950 as ordinary income from the sales of stories were, in fact, loans from a motion picture corporation or its sole stockholder as now alleged in the petition. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. During the years in issue, petitioner was a resident of Los Angeles, California, and filed his individual income tax returns with the former collector of internal revenue *157 in that City. During the years in issue, petitioner and one Clarence Green were associates in writing and producing motion pictures for Cardinal Pictures, Inc., a corporation wholly owned by one Harry M. Popkin. In 1949, petitioner received $9,500 from Cardinal Pictures or Popkin and in 1950 he received $13,000. He reported such sums on his income tax returns as ordinary income from the sale of stories. In his petition, the petitioner claimed that $7,250 and $7,750, respectively, of the amounts received by him from Cardinal Pictures or Popkin in 1949 and 1950, and originally reported as income, were in fact loans on which he was not taxable, and that he had therefore overpaid his tax for both years. Neither Cardinal Pictures nor Harry M. Popkin loaned petitioner any amounts of money during the years in issue and all sums paid to him were compensation for services rendered or to be rendered. No cause was shown excusing petitioner's failure to file declarations of estimated tax for 1950. Opinion RICE, Judge: At the hearing of this case petitioner was represented by counsel but did not personally appear to testify. He sent his associate, Clarence Green, to testify on his behalf. *158 He did not file a brief. Such evidence as petitioner introduced at the hearing was offered to show that the major portion of the amounts of money which he received from Cardinal Pictures in 1949 and 1950 were loans either from the corporation or from its sole stockholder, Harry M. Popkin. Subsequent to the hearing, the parties secured a deposition from Popkin which was duly filed as a part of the record. Popkin testified that neither he nor his corporation, Cardinal Pictures, loaned any money to petitioner during either of the years in issue, but to the contrary, that all amounts paid to petitioner were for services rendered or to be rendered. We have accordingly so found. Since the sums received by petitioner were compensation, it follows that he correctly reported the amounts thereof as ordinary income on his returns for the years in issue. The fact that a part of the monies which he received were for future services makes them none the less taxable in the year of receipt. Cf. ; . While the petition stated that the entire deficiency determined by the respondent, *159 including additions to tax under section 294(d) for the year 1950, was being contested, no mention was made at the hearing of such additions for petitioner's failure to file declarations of estimated tax and his substantial underestimate of estimated tax in that year. In any event, we found no cause excusing petitioner's failure to file declarations; and the addition to tax under section 294(d)(2) for substantial underestimate is mandatory. , affd. (C.A. 10, 1954), . Decision will be entered for the respondent.